**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BRIAN L. GILBERT, | ) | NO. SA CV 13-1173-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on August 8, 2013, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on September 12, 2013. Plaintiff filed a motion for summary judgment on January 23, 2014.

1  Defendant filed a motion for summary judgment on April 17, 2014. The
2  Court has taken the motions under submission without oral argument.
3  See L.R. 7-15; "Order," filed August 13, 2013.

**BACKGROUND**

Plaintiff asserts he was disabled from February 8, 2008 through August 5, 2011, because of, inter alia, alleged psychiatric problems (Administrative Record ("A.R.") 33-36, 208). Plaintiff reportedly abused methamphetamine during at least part of the relevant time period (AR. 35-36 (Plaintiff's testimony that he used methamphetamine every other day from the beginning of the relevant time period until February 20, 2010); see also (A.R. 327, 329 (reports of Plaintiff's previous use of methamphetamine)).

Dr. Imelda Alfonso, a psychiatrist with the San Bernardino County Phoenix Clinic, treated Plaintiff from April of 2008 through at least July of 2010. See A.R. 253, 342, 344, 347 [Exhibit 9F], 372-73, 380-96 [Exhibit 11F] (medical records); see also A.R. 377-79 (medication log); A.R. 321-25 [Exhibit 6F], 337-41, 343, 345-46, 348-50, 363-64 [Exhibit 9F], 442-44, 446-59 [Exhibit 14F] (duplicate records). Dr. Alfonso completed a "Mental Impairment Questionnaire" dated May 12, 2010 (A.R. 366-69 [Exhibit 10F]). Dr. Alfonso's reported diagnosis for Plaintiff was "Bipolar I disorder, severe most recent episode, depressed with psychotic features" (A.R. 366). Dr. Alfonso also indicated that Plaintiff had "substance dependence" (id.). Dr. Alfonso assigned Plaintiff a Global Assessment of Functioning ("GAF")
///

score of 45 (id.).[1] Dr. Alfonso indicated that she would expect Plaintiff to be absent from work more than three times per month and that Plaintiff would have: (1) "marked" restriction of activities of daily living; (2) "marked" difficulties in maintaining social functioning; (3) "constant" deficiencies in concentration, persistence or pace; and (4) "continual" episodes of decompensation in work or work-like settings (A.R. 368-69). Plaintiff's stated prognosis was "guarded" (A.R. 368).

In a decision dated November 18, 2011, the Administrative Law Judge ("ALJ") found that Plaintiff was not entitled to benefits for any part of the alleged period of disability (A.R. 13-22). The ALJ's decision fails to mention Dr. Alfonso's Mental Impairment Questionnaire (id.). The Appeals Council denied review (A.R. 1-5).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the

---

[1] Clinicians use the GAF scale to report an individual's overall level of functioning. "The scale does not evaluate impairments caused by psychological or environmental factors. A GAF between 41 and 50 indicates serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) or any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Morgan v. Commissioner, 169 F.3d 595, 598 n.1 (9th Cir. 1999); accord Tagger v. Astrue, 536 F. Supp. 2d 1170, 1173 n.4 (C.D. Cal. 2008) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") 34 (4th Ed. 2000 (Text Revision)).

Administration used correct legal standards.  See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

## DISCUSSION

Plaintiff contends that the Administration materially erred by failing to mention the opinions contained in Dr. Alfonso's Mental Impairment Questionnaire.  For the reasons discussed below, the Court agrees.

A treating physician's conclusions "must be given substantial weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . .  This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions).  Even where the treating physician's opinions are contradicted,[2] "if the ALJ wishes to disregard the

---

[2] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

4

opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

In the present case, the ALJ erred by failing to mention Dr. Alfonso's opinions. See Lingenfelter v. Astrue, 504 F.3d 1028, 1038 n.10 (9th Cir. 2007) ("Of course, an ALJ cannot avoid these requirements [to state specific, legitimate reasons] by not mentioning the treating physician's opinion and making findings contrary to it."); Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of treating physician's opinion cannot satisfy Administration's obligation to set forth "specific, legitimate reasons").

Defendant argues, inter alia, that the medical expert's opinions had far greater probative value than the opinions of Dr. Alfonso, given, inter alia, differences in the timing of their respective opinions (Defendant's Motion at 5-7). The Court cannot affirm the administrative decision on the basis of this argument. See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001) (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision"); see also Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998) ("Even if the treating doctor's opinion is

contradicted by another doctor, the ALJ may not reject this opinion without providing 'specific and legitimate' reasons supported by substantial evidence in the record").

On the present record, the Court is unable to determine that the ALJ's error in failing to mention Dr. Alfonso's opinions was harmless[3] or that the error necessarily was harmful. Defendants argue that any error was harmless because Dr. Alfonso's opinions "reflected Plaintiff's level of mental functioning while using methamphetamines . . ." (Defendant's Motion at 6). By contrast, Plaintiff argues that Dr. Alfonso's opinions "are based on medically determinable impairments exclusive of polysubstance abuse" (Plaintiff's Motion at 5). Plaintiff argues that Plaintiff would meet Listing 12.04 if Dr. Alfonso's opinions were credited (Plaintiff's Motion at 5-6). Further, Dr. Alfonso opined that Plaintiff's impairments would cause Plaintiff to be absent from work more than three times per month and cause "continual" decompensation in a work-like setting (A.R. 368-69). The vocational expert testified that if an individual would be unable to sustain employment eight hours a day, five days a week, there would be no jobs that person could perform (A.R. 49).

When a disability claimant engages in substance abuse, the Administration must determine which of a claimant's limitations would remain if the claimant stopped using drugs or alcohol. See 20 C.F.R.

---

[3] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

1  § 416.935(b); 42 U.S.C. § 423(d)(2)(C) ("An individual shall not be
2  considered to be disabled . . . if alcoholism or drug addiction would
3  . . . be a contributing factor material to the Commissioner's
4  determination that the individual is disabled."); see also Parra v.
5  Astrue, 481 F.3d 742, 746-47 (9th Cir. 2007), cert. denied, 552 U.S.
6  1141 (2008) (discussing same); Bustamante v. Massanari, 262 F.3d 949,
7  955 (9th Cir. 2001) (holding that the drug and alcohol analysis must
8  be conducted after a finding of disability under the sequential
9  evaluation process).

    Contrary the parties' opposing arguments, it is uncertain on the present record whether and to what extent Dr. Alfonso factored out Plaintiff's drug use in determining Plaintiff's functional limitations.  Plaintiff denied any current methamphetamine use in February of 2008 when he first reported to Dr. Alfonso's clinic (see A.R. 327, 329), and Dr. Alfonso's treatment records do not indicate whether Plaintiff reported any later use to Dr. Alfonso. Yet, Plaintiff testified he used methamphetamine frequently until February 20, 2010.  Dr. Alfonso rendered her opinions on May 12, 2010, months after Plaintiff supposedly stopped using methamphetamine.  Yet, Defendant argues that May 12, 2010, would have been within a "transitional period" during which temporary residuals from the prior drug use assertedly still would have been affecting Plaintiff (Defendant's Motion at 5-6).

    Given these uncertainties, and because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d at 888; see

generally INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances).[4]

## CONCLUSION

For all of the foregoing reasons, Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 21, 2014.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[4] There are outstanding issues that must be resolved before a proper disability determination can be made in the present case. For example, it is not clear whether the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability, even if Dr. Alfonso's opinion were fully credited. See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir. 2010). For at least this reason, the Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000), does not compel a reversal for the immediate payment of benefits.